**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ALESIA L. REESE,            :

    Plaintiff,            :

vs.                                    :       CA 06-0325-C

JO ANNE B. BARNHART,    :
Commissioner of Social Security,
                                       :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report

and recommendation,[1] it is determined that the decision to deny benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleges disability due to recurrent major depression with psychotic features, borderline personality disorder, anxiety, and hypertension. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.  The claimant's impairments, which are considered to be "severe" under the Social Security Act, are as follows: hypertension and depressive disorder-nos. The medically determinable impairments of obesity, borderline personality disorder-nos, anxiety and spiral (sic) meningitis are non-severe impairments.
>
> 4.  The claimant's impairments do not, singly or in combination, meet or equal in severity [] the appropriate medical findings contained in 20 CFR Part 404, Appendix 1 to Subpart P (Listing of Impairments).
>
> 5.  The claimant has a high school education and completed post-secondary trade school. She has past relevant work as a housekeeper, cook, dietary aide and cashier. The claimant has the residual functional capacity to perform unskilled work with moderate limitations in using judgment in detailed or complex work-related decisions; maintaining social functioning and maintaining activities of daily living.

---

[1] The parties in this case waived oral argument. (*See* Doc. 17)

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 18 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court."))

>   6. The claimant's past relevant work is classified as follows: housekeeper-light-unskilled; cook-medium-skilled; dietary aide-medium and unskilled[;] and cashier-light and unskilled.
>
>   7. The claimant remains capable of performing her past relevant work as a housekeeper, dietary aide and cashier.
>
>   8. The claimant has not been under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(e) and 416.920(e)).

(Tr. 26) The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a housekeeper, dietary aide, and cashier, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3]

Although the plaintiff challenges the ALJ's decision only on the bases that the ALJ failed to properly accord the assessments of the treating psychiatrist and therapist proper evidentiary weight and that he improperly disallowed the vocational expert's testimony regarding the assessments of the treating psychiatrist and therapist (*see* Doc. 10), the Court's independent review of the record reveals that this case represents yet another instance in which the ALJ failed to follow *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir.

---

[3]  This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

2005)[4]; therefore, remand of this case is necessary.

In *Moore*, the Eleventh Circuit held that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions[,]" and that the "[f]ailure to do so requires remand." *Id*. at 1214 (citations omitted). The Commissioner's regulations specifically provide that the PRTF or functional analysis contained therein must be completed before an ALJ makes the determination about whether a mental impairment is severe or not severe. 20 C.F.R. § 404.1520a(d)(1) & (2) (2006) ("After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s). (1) If we rate the degree of your limitation in the first three functional areas [activities of daily living; social functioning; and concentration, persistence, or pace] as 'none' or 'mild' and 'none' in the fourth area [episodes of decompensation], we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities .

---

[4]     *Moore* was decided more than seven months prior to the ALJ's decision in this case. *Compare* 405 F.3d at 1208 (April 12, 2005 decision) *with* Tr. 27 (ALJ's decision dated November 22, 2005).

. . . (2) If your mental impairment(s) is severe, we will then determine if it meets or is equivalent in severity to a listed mental disorder.").

Here, there can be no doubt that plaintiff has a colorable claim of a mental impairment inasmuch as the ALJ specifically determined that one of Reese's severe impairments is depressive disorder. *Compare* Tr. 26, Finding No. 3 (finding plaintiff's depressive disorder to be a severe impairment) *with Baxter v. Barnhart*, 165 Fed.Appx. 802, 804 (11th Cir. 2006) ("Here, the ALJ determined that Baxter had several severe impairments: the loss of Baxter's right eye, left shoulder pain, depression, and borderline intellectual functioning."). Accordingly, the ALJ in this case, like in *Moore*, was required to complete a PRTF or, otherwise, incorporate the PRTF's mode of analysis into his findings and conclusions. *Moore*, *supra,* 405 F.3d at 1214.[5] Such

---

[5] There is, in fact, another colorable claim of mental impairment in this case: borderline personality disorder. While the ALJ determined in his decision that this impairment was not a severe impairment he failed to perform the analysis required by the regulations to reach this result. In other words, before deciding whether a mental impairment is severe or non-severe, an ALJ is required by 20 C.F.R. §§ 404.1520a and 416.920a to complete a functional analysis and rate the degree of functional limitation resulting from each mental impairment. In this case, the ALJ simply rejected the diagnosis of borderline personality disorder based upon Dr. C.E. Smith's cryptic comment that he was not sure where that diagnosis "comes from[]" (Tr. 257), totally ignoring that the diagnosis came from Dr. Patricia McCleary (Tr. 203-206) and was accepted by the non-examining psychiatrist, Dr. Ellen Eno (Tr. 207-224). Needless to say, the ALJ did not perform the functional analysis set forth in the Commissioner's own regulations, *compare* 20 C.F.R. § 404.1520a(d)(1) & (2) *with* Tr. 221 (indicating a moderate degree of limitation in maintaining social functioning and concentration, persistence or pace). This was error.

mode of analysis, or special technique, "requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: 'activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.'" *Id.* at 1213, quoting 20 C.F.R. § 404.1520a(c)(3-4).

In this case, no PRTF was appended to the ALJ's decision nor did the ALJ incorporate into his decision the mode of analysis set forth in the regulations at §§ 404.1520a and 416.920a. (*See* Tr. 14-27) In fact, the ALJ makes no mention whatsoever of the pertinent regulations nor does he mention *Moore,* though that case was decided over seven months prior to the hearing decision in this case.

Defendant cannot be heard to make the argument that even though the ALJ did not incorporate the special technique into his decision, his decision did incorporate the mental functional limitations identified by Dr. C.E. Smith into his RFC assessment, more specifically the moderate limitations in maintaining social functioning and activities of daily living and, at most, mild limitation in maintaining concentration, persistence and pace (Tr. 24-25), thereby rendering any failure to consider "episodes of decompensation" harmless. Such argument, if made, would be all but identical to the harmless

error argument rejected in *Moore*, *see* 405 F.3d at 1214 ("On appeal, the Commissioner concedes (as she must) that the ALJ erred in not completing the PRTF or complying with its mode of analysis. The Commissioner argues, however, that remand is unnecessary as it would require no more than the ALJ's rote completion of the PRTF. We cannot agree. The ALJ failed to even analyze or document Moore['s] condition in two of the PRTF's functional areas: social functioning and prior episodes of decompensation. Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless."), and, therefore, such an argument would not save this case from remand. As in *Moore*, this Court would not be able to evaluate any contention of harmless error by the defendant given the ALJ's total failure to consider prior episodes of decompensation and their impact on his ultimate conclusion as to Reese's RFC. The issue is further complicated in the instant case because any acceptance of a harmless error argument would place this Court in the position of assuming not only what pertinent finding the ALJ would make but also what the testimony of the vocational expert would be in response to a hypothetical question which incorporated the degree of limitation identified by the ALJ in

the area of prior episodes of decompensation.

In light of the foregoing, the Court orders that this case be remanded to the Commissioner of Social Security for further consideration in light of *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005).

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 21st day of December, 2006.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**